SAMUEL HERMANN and another *v.* THE UNION BANK OF
LOUISIANA.

The plaintiffs, as agents of the owner of certain notes, deposited them with defendants
for collection; the notes were not paid at maturity, nor were they regularly pro-
tested, but were subsequently returned to the owner. Plaintiffs, considering them-
selves responsible to the latter, sued defendants in their own names, alleging
that the notes were deposited by them as agents of the owner: *Held*, that the plain-
tiffs not having paid the amount of the notes, and their agency having terminated,
payment to the plaintiffs would not exonerate the defendants from the claim of the
owner.

APPEAL from the Parish Court for the parish of New Orleans,
*Maurian, J.*

MARTIN, J. The plaintiffs seek to make the defendants respon-
sible for the amount of a bill of exchange and three promissory
notes deposited with them for collection, on the allegation that due
diligence was not exercised by the latter. The defendants pleaded
the general issue, and averred that if the plaintiffs sustained any
loss in regard to the above bill and notes, it resulted from the delays
and irregularities of the mail, for which the defendants cannot be
held responsible. The plaintiffs had judgment for the aggregate
amount of the bill and notes, with legal interest from the day on
which they ought to have been respectively protested, with costs.
The defendants appealed. The case is before us on a point which
does not appear to have received the consideration of the first judge.
The plaintiffs sue in their own names, but allege that they deposit-
ed the bill and notes, as agents of J. L. & S. Joseph & Co., of New

York, in the latter part of 1836, and returned them to their principals as soon as they received them back from the defendants; and that their said principals answered, that they considered the plaintiffs as liable to them for the amount of the bill and notes, due diligence not having been exercised -by them; and that their said principals have since failed, and their assignees still hold and consider them (the plaintiffs) as liable. The plaintiffs not having paid the amount of the bill and notes, the defendants are, if due diligence was not used, still liable to the assignees of the Josephs. The agency of the plaintiffs probably terminated on their returning the bill and notes to the former, and certainly on the failure of the Josephs, or the assignment of their estate; and payment to the plaintiffs would not exonerate the defendants from the claims of the assignees of the Josephs.

It is therefore ordered that the judgment be reversed, and that ours be for the defendants, with costs in both courts.

*Mazureau*, for the plaintiffs.

*Denis*, for the appellants.